UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

SPEDITION "THOMAS" GESELLSCHAFT MBH                  24 Civ.

         Plaintiff,
 -against-
                    **COMPLAINT**
MAERSK A/S,

         Defendant.
-------------------------------------------------------------------------------x

   Plaintiff, SPEDITION "THOMAS" GESELLSCHAFT MBH, by its attorneys, Nicoletti Hornig & Sweeney, as and for its Complaint against Defendant MAERSK A/S, alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

   1. The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq.* (note), or, in the alternative, the Harter Act, 46 U.S.C. § 30701 *et seq.*, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

   2. The following issues also concern a breach of a maritime contract and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

   3. The following issues also concern the loss of or damage to goods while being carried by sea from a foreign port to a port of the United States of America and thereby come

within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Defendant has consented to jurisdiction in the State of New York by virtue of said Defendant or its agent's agreement to a contractual choice of forum clause that requires actions against it to be instituted in this Court.

5. Venue is proper in this District because Defendant is subject to personal jurisdiction in this District with respect to this action.

6. Venue is also proper in this District because the subject contract of carriage or other applicable contracts mandate that all claims involving shipments to or from the United States be commenced in this Court.

**PARTIES**

7. At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and office and place of business stated in Schedule A, which is appended hereto and hereby incorporated by reference and made a part hereof.

8. Plaintiff is the shipper, holder, consignee and/or receiver of the shipment described in Schedule A, and/or a person with a proprietary interest in the shipment described in Schedule A, and/or a person owning, holding or entitled to possession of the shipment or the bill of lading or waybill described in Schedule A, and/or a freight forwarder that organizes and arranges shipments on behalf of its customer for the purposes of arranging for the transportation of those goods from one location to another location, including from Europe to the United States, and/or a person who is a "Merchant" as defined in the bill of lading or waybill described in Schedule A, and/or someone acting on behalf of any of the aforementioned persons (collectively referred to herein as the "Merchants") and brings this action on their own behalf and as agents or

trustees on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

9. At and during all the times hereinafter mentioned, Defendant had and now has the legal status and offices and place of business stated in Schedule A and was and now is engaged in business as a common carrier of goods by sea for hire and/or as an ocean transportation intermediary.

## FACTUAL BACKGROUND

10. Plaintiff is a freight forwarder that organizes shipments on behalf of its customers for the purpose of arranging for the transportation of goods from one location to another location, including from Europe to the United States.

11. As a freight forwarder, Plaintiff acts only as an intermediary in the transportation of goods and contracts with vessel operating common carriers ("VOCC") like Defendant to physically transport the goods.

12. At all relevant times, Defendant held itself out to be and acted as a common carrier engaged in the carriage of goods to or from a port in the United States of America and/or as an ocean transportation intermediary.

13. Plaintiff contracted and/or arranged with Defendant, as VOCC, to handle the actual transport of the shipment(s) packed in the container(s) described in Schedule A aboard the Vessel.

14. On or about the dates and at the Place of Receipt and/or the Port of Loading stated in Schedule A, there was tendered by the shipper and delivered to the Defendant named in Schedule A, as common carrier or otherwise, the shipment described in Schedule A, then being

in good order and condition, and said Defendant then and there accepted said shipment so tendered and delivered to said Defendant, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, said Defendant agreed to transport and carry said shipment to the Port of Discharge and/or the Place of Delivery stated in Schedule A, and deliver said shipment, in like good order and condition as when delivered to and received by said Defendant, to the consignee named in Schedule A.

15. The shipment described in Schedule A was in good order and condition when delivered to Defendant and when loaded on board the vessel named in Schedule A.

16. Defendant, or its agent, issued a bill of lading or a waybill for each of the shipments described in Schedule A, some of the particulars of which are stated in Schedule A.

17. The bill of lading and/or waybill issued by or on behalf of Defendant was a clean bill of lading and/or waybill.

18. A contract of carriage or other contract existed between Defendant and others in connection with the shipment described in Schedule A that the Merchants, and Plaintiff, are parties to and/or are third-party beneficiaries of or are otherwise entitled to enforce.

19. Such contract of carriage or other applicable contracts concern the multimodal carriage of goods by sea and inland transit from a foreign Place of Receipt and/or Port of Loading to a Port of Discharge and/or Place of Delivery in the United States of America.

20. All obligations under the contract of carriage or other applicable contracts to be performed on the part of the Merchants were performed, waived or otherwise excused.

21. Among other obligations and duties, the Defendant had an obligation and duty to deliver the shipment described in Schedule A in good order and condition to the Port of Discharge and/or the Place of Delivery stated in Schedule A.

22. The shipment described in Schedule A either was never delivered to the Port of Discharge and/or the Place of Delivery stated in Schedule A or was not delivered in good order and condition to said Port of Discharge and/or Place of Delivery, in violation of Defendant's obligations and duties as a common carrier of goods by sea for hire and/or as an ocean transportation intermediary, in breach of the contract of carriage or other applicable contracts and/or in breach of Defendant's obligations and duties as a bailee for hire.

23. The Merchants and/or Plaintiff suffered damages because the shipment described in Schedule A either was not delivered or was not delivered in good order and condition.

24. The Merchants submitted a claim to Plaintiff for the loss of and damage to the shipment described in Schedule A.

25. Plaintiff has and/or will and/or may be required to pay the claim for the loss of and damage to the shipment described in Schedule A.

26. By reason of the foregoing premises, the damages sustained and/or that will and/or that may be sustained, as nearly as the same can now be estimated, no part of which has been paid by Defendant although duly demanded, are in the total amount of at least USD $1,179,857.00.

## AS AND FOR A FIRST CAUSE OF ACTION

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "26" of this Complaint with the same force and effect as if more fully set forth herein.

28. On or about the dates stated in Schedule A, Plaintiff and/or Plaintiff's customer, the Shipper identified in Schedule A, entered into one or more contracts with Defendant pursuant to which Defendant would properly and carefully load, stow, secure and transport the shipment

identified in Schedule A from the Place of Receipt and/or Port of Loading to the Port of Discharge and/or Place of Delivery as set forth in Schedule A.

29. If it is determined that Plaintiff's customer's shipment was damaged and/or lost, which is denied as and for Plaintiff's position to the claim of its customer only, and it is determined that Plaintiff is responsible for said losses and/or damages as a freight forwarder or otherwise, the losses and/or damages were due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, negligence or other misconduct of Defendant acting as a VOCC and/or otherwise.

30. The alleged damage to or loss of the shipment described in Schedule A was not caused or contributed to by any act, omission, fault of neglect of Plaintiff or its agents, servants or employees or by that of its customers.

31. By reason of the alleged damage to or loss of the shipment described in Schedule A, Plaintiff has suffered or will suffer damages and exposure to claims, including, but not limited to, the damage to or loss of the shipment or making payment to their customer(s) for such damage or loss.

32. If it is determined that Plaintiff is responsible for the alleged damage or loss of their customer with respect to the shipment identified in Schedule A and/or any other losses of any nature whatsoever, then all of Plaintiff's aforesaid damages and losses are directly attributable to and caused by the wrongful acts and/or omissions or other misconduct of Defendant and/or its agents acting on its behalf and/or its subcontractors without the fault of Plaintiff or its agents, servants or employees and, therefore, Defendant should be liable to Plaintiff for all liability, losses and/or damages arising therefrom, including but not limited to any legal fees and disbursements arising in the defense of any claims.

33. If Plaintiff is nevertheless held liable to any person and/or entity in any proceeding or action arising out of or relating to the damage and/or loss to the shipment identified in Schedule A, said liability being expressly denied by Plaintiff, then such liability derives in whole and/or in part from the aforesaid wrongful acts and/or omissions or other misconduct of Defendant and its officers, agents, servants, employees and/or its subcontractors and, therefore, Plaintiff should be granted full recovery over and against, and be fully indemnified by, or secure contribution from, Defendant for all sums so recovered against Plaintiff, including any and all attorneys' fees, expenses, interest and costs incurred by or on behalf of Plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "33" of this Complaint with the same force and effect as if more fully set forth herein.

35. The bill of lading, waybill, contract of carriage and shipment described in Schedule A, and other applicable contracts are subject to the provisions of COGSA.

36. The shipment described in Schedule A was in good order and condition when delivered to Defendant and the vessel named in Schedule A.

37. The shipment described in Schedule A either was never delivered to the Port of Discharge and/or Place of Delivery stated in Schedule A or was not delivered in good order and condition to said Port of Discharge and/or Place of Delivery.

38. Under COGSA, Defendant is liable for the loss of and damage to the shipment described in Schedule A.

39.     The Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A from Defendant.

## AS AND FOR A THIRD CAUSE OF ACTION

40.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "39" of this Complaint with the same force and effect as if more fully set forth herein.

41.     To the extent they are not subject to the provisions of COGSA, Defendant, the bill of lading, waybill, contract of carriage and shipment described in Schedule A, and other applicable contracts are subject to the provisions of the Harter Act.

42.     The shipment described in Schedule A was in good order and condition when delivered to Defendant and the vessel named in Schedule A.

43.     The shipment described in Schedule A either was never delivered to the Port of Discharge and/or the Place of Delivery stated in Schedule A or was not delivered in good order and condition to said Port of Discharge and/or Place of Delivery.

44.     To the extent it is not liable under COGSA, Defendant is liable under the Harter Act for the loss of and damage to the shipment described in Schedule A.

45.     Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A from Defendant.

## AS AND FOR A FOURTH CAUSE OF ACTION

46.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "45" of this Complaint with the same force and effect as if more fully set forth herein.

47.     Defendant breached the contract of carriage or other applicable contracts either by failing to deliver the shipment described in Schedule A to the Port of Discharge and/or the Place

of Delivery stated in Schedule A or by failing to deliver said shipment in good order and condition to said Port of Discharge and/or Place of Delivery.

48. Defendant and/or persons for whom said Defendant is vicariously liable either failed to deliver the shipment described in Schedule A to the Port of Discharge and/or the Place of Delivery stated in Schedule A or failed to deliver said shipment in good order and condition to said Port of Discharge and/or Place of Delivery.

49. Defendant otherwise breached the contract of carriage or other applicable contracts.

50. The Merchants suffered damages because of the breach of contract by Defendant.

51. Plaintiff is entitled to recover the damages suffered because of the breach of contract by Defendant.

## AS AND FOR A FIFTH CAUSE OF ACTION

52. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "51" of this Complaint with the same force and effect as if more fully set forth herein.

53. The shipment described in Schedule A was entrusted to the care, custody and control of Defendant and/or persons for whom said Defendant is vicariously liable for delivery to the Port of Discharge and/or the Place of Delivery stated in Schedule A.

54. The shipment described in Schedule A was in good order and condition at the time it was entrusted to Defendant named in Schedule A and/or persons for whom said Defendant is vicariously liable.

55. The shipment described in Schedule A was in the care, custody and control of Defendant named in Schedule A and/or persons for whom said Defendant is vicariously liable at the time said shipment was lost or damaged.

56. Defendant and/or persons for whom said Defendant is vicariously liable either failed to deliver the shipment described in Schedule A to the Port of Discharge and/or the Place of Delivery stated in Schedule A or failed to deliver said shipment in good order and condition to said Port of Discharge and/or Place of Delivery.

57. Defendant and/or persons for whom said Defendant is vicariously liable failed to return the shipment described in Schedule A in good order and condition.

58. The loss of or damage to the shipment described in Schedule A was caused by or resulted from the acts or omissions of Defendant and/or persons for whom said Defendant is vicariously liable.

59. The Merchants suffered damages because of the acts or omissions of Defendant and/or persons for whom said Defendant is vicariously liable.

60. Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A from Defendant.

**WHEREFORE**, Plaintiff prays:

1. For judgment on the First, Second, Third, Fourth and Fifth Causes of Action in favor of Plaintiff and against Defendant awarding Plaintiff damages in the sum of no less than USD $1,179,857.00, together with interest and costs and the disbursements of this action; and

2. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 12, 2024

                                      NICOLETTI HORNIG & SWEENEY
                                      *Attorneys for Plaintiff*

                                            ***/s/ Val Wamser***
By: _____
Val Wamser, Esq.
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Tel. No: (212) 220-3830
E-mail: vwamser@nicolettihornig.com

## SCHEDULE A

**Plaintiff's Legal Status,
Office and Place of Business:**

Plaintiff, SPEDITION "THOMAS" GESELLSCHAFT MBH, was and now is a corporation or other business entity organized and existing under and by virtue of the laws of Austria with an office and place of business located at Puchstraße 76, 8020 Graz, Austria.

**Defendant's Legal Status,
Office and Place of Business:**

Defendant, MAERSK A/S, was and now is a corporation or other business entity organized and existing under foreign laws with an office and place of business located at Esplanaden 50, 1263 Copenhagen K, Denmark.

**Details of Shipment:**

| | |
|---|---|
| Vessel/Voyage No.: | MERETE MAERSK / Voyage No. 317E |
| Master B/L No.: | 225608874 |
| Date of Master B/L: | April 30, 2023 |
| Container No.: | MAEU4151445 |
| Place of Receipt: | Raaba, Austria |
| Port of Loading: | Bremerhaven, Germany |
| Port of Discharge: | Los Angeles, California |
| Place of Delivery: | Kingman, Arizona |
| Carrier: | MAERSK A/S |
| Shipper: | EVG Entwicklungs-und Verwertungs GmbH |
| Consignee: | Insteel Industries Inc. |
| Shipment: | Machinery |
| House B/L No.: | N/A |
| Nature of Damage: | Physical Damage |
| Date of Loss/Damage: | July 14, 2023 |
| Amount of Loss: | In excess of USD $1,179,857.00 plus interest and costs |